## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| ECONOMY PRODUCE & VEGETABLE CO., INC. | Case No. 1:10cv2206 |
| Plaintiff, | Chief Judge Solomon Oliver, Jr. |
| v. | |
| JK FARAJ, INC. d/b/a SUNRISE PRODUCE, et al., | |
| Defendants. | |

## DEFAULT JUDGMENT

This matter came before the Court upon the Motion of Plaintiff Economy Produce & Vegetable Co., Inc. ("Plaintiff") for Default Judgment against Defendants JK Faraj, Inc. d/b/a Sunrise Produce ("Sunrise Produce") and Kenny Faraj ("Faraj")(collectively "Defendants"). Upon review of the Motion, Memorandum, and Exhibits, the Court makes the following findings:

1.     On November 23, 2010, Defendants were served with the Complaint and Summons.  Twenty days have passed, with no answer, appearance or responsive pleading having been filed or served by Defendants.

2.     On January 5, 2011, the Clerk entered the default of Defendants.

3.     In the Complaint, Plaintiff seeks relief against Defendants under Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c) ("PACA").

4.     Plaintiff sold to Defendants perishable agricultural commodities in the principal amount of $21,17.94, all of which remains unpaid.

5. Defendants are subject to PACA and the PACA Regulations promulgated thereunder by virtue of engaging in the sale and purchase of perishable agricultural commodities in the stream of interstate commerce.

6. During the time of the produce transactions, Defendant Kenny Faraj was a responsible owner, shareholder, partner, officer and/or director of Sunrise Produce and a person in control of, and responsible for, the disposition of Sunrise Produce's assets, including its PACA trust assets, over which he owes a continuing statutory fiduciary duty to Plaintiff.

7. Plaintiff included the following language, which is required by 7 U.S.C. §499e(c)(3) in order to preserve their rights under PACA:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received.

8. Plaintiff preserved its rights under PACA, and established that it is a perfected PACA trust beneficiary entitled to distributions of the trust created under PACA.

9. Defendants are trustees of the PACA trust held for the benefit of Plaintiff and other PACA creditors.  Defendants breached their fiduciary duty to preserve these trust funds for Plaintiff and other PACA creditors.  As such, Defendants are liable under PACA.

10. Plaintiff also included the following language on the face of its invoices:

> Past due invoices shall accrue interest at 1 ½ % per month.  If overdue accounts are referred to an attorney, you agree to pay our attorney's fees plus the costs of all legal action as an additional charge under the contract of sale covered by this invoice. Additionally, all interest and attorney's fees are sums owing in connection with the produce transaction.

11.     Attorney fees and prejudgment interest are recoverable in PACA cases as "sums owing in connection with the transaction" if the face of the invoices contain the foregoing language.  *Middle Mt. Land & Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1222-1223 (9th Cir. 2002); *Christopher Ranch v. Country Best, LLC*, 361 F.3d 629 (11th Cir. 2004) (.

12.     Plaintiff submitted the Affidavit of attorney Devin Oddo in support of its claim for attorney fees and costs0"Vj g"eqwtv"hkpf u"vj g"co qwpv"qh'&8722"vq"dg"tgcuqpcdng"hqt"cwqtpg{ hggu"cpf "equvu0"

Based upon the foregoing, default judgment is hereby granted in favor of Plaintiff and against Defendants upon the following terms:

1.     Plaintiff is entitled to recover from Defendants, jointly and severally, the principal amount of $21,217.94, plus prejudgment interest of $8,607.03 as of January 6, 2011, accruing at $10.46 per diem going forward.

2.     Defendants are further liable, jointly and severally, for attorney fees and costs of $8722.22.

3.     Post-judgment interest shall accrue at the federal rate of 0.30%.

IT IS SO ORDERED.

 January 24, 2011                          /s/SOLOMON OLIVER, JR.
Date                                        THE HONORABLE SOLOMON OLIVER, JR.
                                            UNITED STATES CHIEF DISTRICT JUDGE